IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BETTINA B. BEAVER,<br><br>      **Plaintiff,**<br><br>v.<br><br>DENVER AMAZON,<br><br>      **Defendant.** | Case No. 23-CV-92-JFH-SH |

## OPINION AND ORDER

Before the Court is a Motion to Transfer Venue [Dkt. No. 24] (the "Motion") filed by Defendant Amazon.com Services, LLC ("Defendant").[1] Plaintiff Bettina B. Beaver ("Plaintiff") has not filed a Response to Defendant's Motion, and the period for doing so has now expired. For the reasons set forth herein, Defendant's Motion to Transfer Venue [Dkt. No. 24] is GRANTED.

## BACKGROUND

Plaintiff alleges that Defendant engaged in unlawful acts of discrimination, sexual harassment, and retaliation against her during the course of her employment at Defendant's Colorado facility. *See* Dkt. No. 2 at 1-12. After resigning her position, Plaintiff submitted an EEOC complaint, and was subsequently issued a Dismissal and Notice of Rights authorizing Plaintiff to proceed with litigation in federal or state court. *Id.* at 13-14. Plaintiff, who alleges that she is an Oklahoma citizen, brought suit in this District.

Defendant filed a Motion to Dismiss [Dkt. No. 22] followed by a Motion to Transfer shortly thereafter.[2] In its Motion to Transfer, Defendant asserts that Plaintiff was employed in Defendant's

---

[1] Defendant is incorrectly identified as "Denver Amazon" in the operative pleading. *See* Dkt. No. 20.

[2] Defendant's failure to address venue in its initial motion does not constitute waiver, as the Motion before the Court is brought pursuant to 28 U.S.C. § 1404(a). "An action may be transferred under § 1404(a) at any time during the pendency of the case, even after judgment has been

facility in Aurora, Colorado when the acts purportedly giving rise to this action took place. Dkt. No. 24 1-2. Defendant also submitted an affidavit stating that Plaintiff lived in Colorado at the time of the challenged conduct, and identifying various individuals with information pertinent to Plaintiff's claims, nearly all of whom still are still employed at Defendant's Denver facility. Dkt. No. 25. Plaintiff has not responded to the factual averments provided by Defendant, nor has she filed a substantive response to Plaintiff's Motion.

## DISUCSSION

This Court has discretion to transfer this action "to any other district or division where it might have been brought" provided such transfer would serve the convenience of parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a). When considering a motion to transfer, this Court considers, inter alia, the Plaintiff's choice of forum, the convenience of the parties, the convenience of the witnesses, the interests of justice, the relative access to proof, the availability of compulsory process, the relative congestion of the dockets, and other practical considerations. *See Chrysler Credit Corp.*, 928 F.2d at 1509 (10th Cir.1991) (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The Plaintiff's choice of forum is given heavy weight in the Court's analysis, and the burden of establishing that transfer is warranted remains on the moving party. *See Watkins v. Crescent Enterprises, LLC.*, 314 F. Supp. 2d 1156, 1160-61 (N.D. Okla. 2004).

Here, Defendants have established that several of the pertinent factors weigh in favor of transfer. Many of the employee-witnesses live in Colorado, which is also the location of the proof

---

entered*." Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). *See*, e.g., *Galvin v. McCarthy*, 545 F. Supp. 2d 1176, 1182 (D. Colo. 2008) (rejecting argument that § 1404(a) motion was waived when the defendant failed to challenge venue in conjunction with its motion to dismiss).

2

pertinent to Plaintiff's claims.  Dkt. No. 2 at 1-2; Dkt. No. 25.  To the extent Plaintiff's former coworkers are called as witnesses, they will not be subject to compulsory process in this Court. *See* Fed. R. Civ. P. 45(c) (recognizing that a subpoena may command a person to attend a trial within 100 miles of his or her residence, place of employment, or a location where he or she regularly transacts business in person).  It appears, however, that many witnesses could be compelled to testify in Colorado.  And, as this Court has recognized, the influx of criminal cases in this Court supports the finding that the interests of justice favor resolution in Colorado.  *See Oklahoma v. Castro-Huerta*, 597 U.S. ——, 142 S.Ct. 2486, 2492 (2022) (describing the "significant challenge for the Federal Government and for the people of Oklahoma" in the wake of *McGirt v. Oklahoma*); *United States v. Budder*, 601 F. Supp. 3d, 1105, 1114-15 (E.D. Okla. 2022) (collecting cases where federal courts "noted *McGirt's* tremendous impact").[3]

      Plaintiff has offered no counter to Defendant's arguments.  Although her choice of forum is entitled to great weight, she did not take steps to oppose transfer or state the reasons why her choice of forum outweighs all other factors pertinent to this Court's analysis.  The Court will not raise arguments in support of Plaintiff's choice of forum where the Plaintiff herself has not deemed it necessary to do so.  Because the factors identified by Defendant weigh in favor of transfer, the

---

[3] The Court recently entered a general order stating in pertinent part:

> The Court has a significant number of criminal cases awaiting trial due to the COVID-19 pandemic and the decision of the Supreme Court in *McGirt v. [Oklahoma]*, 140 S. Ct. 2452, 207 L.Ed. 2d 985 (2020). Criminal cases must be tried before civil cases.  Absent extraordinary circumstances, civil cases will not be tried before a district judge in the foreseeable future.  The Court will address pending motions in civil cases as its schedule permits; however, the Court's ability to do so will be subject to the demands of its criminal docket.

General Order 22-04, Case No. 22-GO-001-JFH (N.D. Okla. Jan. 27, 2022).

3

Court concludes that transfer of this action to the United States District Court for the District of Colorado is warranted.

IT IS THEREFORE ORDERED that:

1. Defendant's Motion to Transfer Venue [Dkt. No. 24] is GRANTED.

2. The Court Clerk is hereby directed to transfer this case to the United States District Court for the District of Colorado.

Dated this 11th day of October 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

4