IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02675-SKC-STV

BETTINA B. BEAVER,

    Plaintiff,

v.

AMAZON.COM SERVICES LLC,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION RE: MOTION TO DISMISS (DKT. 70) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. 71)

Now before the Court is the Recommendation of Magistrate Judge Scott T. Varholak. The Recommendation suggests the undersigned grant Defendant Amazon.com Services LLC's Motion to Dismiss (MTD) (Dkt. 46) and dismiss, without prejudice, Plaintiff Bettina B. Beaver's Amended Complaint (Complaint) (Dkt. 33) because she fails to plead factual allegations that support each of the elements of her claims. Dkt. 70, p.19. The Recommendation goes on to propose, if the Court affirms and adopts the Recommendation, the undersigned further grant Plaintiff 21 days from the entry of the Court's order for Plaintiff to file an amended complaint that cures the deficiencies identified in the Recommendation. *Id.*

1

As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation. And having adopted the Recommendation, including the recommendation that the Court grant Plaintiff 21 days from today in which to file an amended complaint, the Court DENIES AS MOOT Plaintiff's Motion for Extension of Time to File Reply to Magistrate Judge Recommendation That Defendant's [46] Motion to Dismiss Be Granted (Motion for Time Extension) (Dkt. 71).

## BACKGROUND

This action centers around various claims brought by Plaintiff related to her employment by Defendant. *See generally* Dkt. 33. Construing her Complaint liberally because she is a *pro se* party, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted), Judge Varholak discerned the following claims from her Complaint: (1) a hostile work environment claim under Title VII of the Civil Rights Act of 1964, on the basis of her race, sex, color, and/or national origin; (2) race and sex discrimination under Title VII; (3) a potential claim for race discrimination under 42 U.S.C. § 1981; and (4) retaliation for reporting allegedly unlawful conduct. Dkt. 70, pp.5-18.

Defendant filed its MTD arguing all of Plaintiff's claims should be dismissed for failing to comply with Fed. R. Civ. P. 8, the hostile work environment claim is time barred, and Plaintiff failed to state claims for hostile work environment, discrimination, or retaliation. *Id.* at p.5. Plaintiff filed her Response (Dkt. 54), which

included many additional facts that Judge Varholak could not consider when ruling upon the MTD. And Defendant filed its Reply. Dkt. 65. Judge Varholak issued his Recommendation on June 5, 2024. Dkt. 70. Twenty days later, on June 25, 2024, Plaintiff filed her Motion for Time Extension. Dkt. 71.

**FINDINGS AND ORDERS**

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to the Recommendation for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed objections. As a result, they have waived *de novo* review of the Recommendations by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

3

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Varholak perceptively construes Plaintiff's claims liberally, identifies the elements of those claims, and explains why Plaintiff's Complaint, as drafted, fails to allege factual statements that support the elements of her claims. Dkt. 70, pp.5-18. He recommends dismissing all of her claims for failing to state a claim. *Id.* He further judiciously noted that Plaintiff's Response included numerous additional facts, which he must ignore in context of analyzing the MTD, but which suggested to him that Plaintiff might be expressing her desire to amend her Complaint. *Id.* at 14. He thus recommends the Motion be granted, Plaintiff's claims be dismissed without prejudice, and the undersigned provide her with 21 days in which to file an amended complaint.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation and GRANTS the MTD, without prejudice. The Court FURTHER ORDERS that Plaintiff, if she so desires, may file an amended complaint on or before July 30, 2024.[1]

---

[1] Plaintiff is warned that the deadline by which to file an amended complaint is a real deadline. If Plaintiff files an amended complaint after July 30, 2024, the Court will strike the amended complaint and terminate this action. The Court will not grant her any leniency with her filing deadline (as it has done in the past when, for example, it considered her Response to the MTD despite the Response being late).

4

Considering the Plaintiff's Motion for Time Extension, it appears confused, seeking an extension of time to file an objection to the Recommendation in one spot but asking for an extension of time in which to file an anticipated amended complaint in another.[2] *See* Dkt. 71, pp.1-2. If Plaintiff seeks the former relief, her Motion was filed too late because the Recommendation specifically advised the parties that any objections to the Recommendation were to be filed within 14 days of the Recommendation, *i.e.* by June 19, 2024. Dkt. 70, p.19, n.5. And if Plaintiff seeks the latter relief, her Motion is premature because Judge Varholak recommended giving her 21 days in which to file an amended complaint *from the date this Court adopts the Recommendation (if it, in fact, adopted it). Id.* at p.19. And the Court has not, until now, ruled on the Recommendation.

The Court construes the Motion for Time Extension to be a motion seeking additional time in which to file an amended complaint. And because the Court grants Plaintiff up until July 30, 2024, to file an amended complaint, the Court DENIES AS MOOT the Motion for Time Extension.

---

[2] The Court notes Plaintiff's Motion explains she conferred with opposing counsel on the relief sought in the Motion, but critically does not say what the outcome of the conferral was. Dkt. 71, p.2. A conferral statement that does not inform the Court of the outcome is inadequate. The parties are on notice that the Court may strike any future pleading that does not explain the who, when, where, and how of conferral efforts and what the result was.

DATED: July 9, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge

6