IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02675-SKC-TPO

BETTINA B. BEAVER,

    Plaintiff,

v.

AMAZON.COM SERVICES, LLC,

    Defendant.

## RECOMMENDATION

**Timothy P. O'Hara, United States Magistrate Judge**

Before this Court is Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint [ECF 73]. ECF 88. The Motion has been referred to this Court [ECF 89] and is now fully briefed. The Court finds that oral argument will not materially assist in issuing this Recommendation. After reviewing the briefing, the record, and the relevant case law, the Court recommends that Defendant's Motion be **granted** and Plaintiff's claims be **dismissed with prejudice**.

## BACKGROUND[1]

Plaintiff, a Native American female, was hired by Defendant in or around October 2021 as an "Associate." ECF 73 at p. 2. On October 15, 2021, a male Caucasian co-worker "grabbed the plaintiff's badge located near her breast without consent, looked at the badge, let it go and walked

---

[1] The facts of this case are taken from Plaintiff's Second Amended Complaint (SAC) [ECF 73] as supplemented by Plaintiff's "Amended Request for Relief for Plaintiff Amended Complaint for Employment Discrimination." ECF 84. Nearly identical facts were summarized by U.S. Magistrate Judge Scott T. Varholak as part of his Recommendation on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (FAC) [ECF 33]. ECF 70. Plaintiff has incorporated many of Judge Varholak's factual findings into the SAC.

away without speaking to her during her first day of training." *Id.* The next day, Plaintiff reported "the badge incident" to learning ambassador Ms. Tina Thomas, an African American female. *Id.* According to Plaintiff, "[t]he incident was never addressed, and no resolution was ever provided to the Plaintiff." *Id.*

That same month, Plaintiff "began to experience a pattern of pay issues causing multiple HR cases to be opened." *Id.* (citing ECF 54 at p. 2 & ECF 54-1 at pp. 8-30). In February of 2022, Plaintiff "submitted job transfer requests which were declined," yet in March of 2022, she was promoted to the role of "Ambassador." *Id.* at p. 3.

In March of 2022, Plaintiff "began to experience unlawful employment practices, resulting in opened HR cases."[2] *Id.* She received additional training. *Id.*

In April of 2022, Plaintiff "began to experience an escalaed [sic] hostile work environment." *Id.* For example, she was assigned to be a pallet wrapper, a position Plaintiff "expressed during her training she did not want to work because it made her dizzy." *Id.* at p. 4. Due to dizziness, Plaintiff was forced to leave work one day. *Id.* When management again assigned her as a pallet wrapper and determined that she should not be moved, Plaintiff left work. *Id.* Plaintiff also was involved in a mix-up relating to a radio when she was assigned as a gatekeeper. *Id.* Three days after the radio incident, Plaintiff "resigned and notified Human Resources that her last day would be on or around April 17, 2022." *Id.* at pp. 4-5.

---

[2] Plaintiff references one such instance where she complained of a male Indian American co-worker who "had been promoted for the same position, at the same time as the Plaintiff, received a 30 cent pay raise as a Learning Ambassador . . ." ECF 73 at p. 3.

2

In November of 2022, Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). *Id.* at p. 5. On December 13, 2022, Plaintiff "received an EECO [sic] Dismissal and Notice of Rights to Sue on grounds of no determination." *Id.*

On November 14, 2023, Plaintiff filed the First Amended Complaint (FAC). ECF 33. "Construed liberally, the [FAC] arguably assert[ed] claims pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 for: (1) hostile work environment;[3] (2) race and sex discrimination; and (3) retaliation." ECF 70 (citing ECF 33 at pp. 2-6). To support the FAC, Plaintiff attached three separate incident reports. ECF 33 at pp. 7-12.

On December 19, 2023, Defendant moved to dismiss the FAC. ECF 46. Defendant argued:

1) "Plaintiff's Complaint does not meet the pleading standards of Federal Rule of Civil Procedure 8;

2) The hostile work environment claim is untimely;

3) Plaintiff fails to state a claim for hostile work environment, discrimination or retaliation."

ECF 70 at p. 5 (citing ECF 46 at pp. 5-15).

On June 5, 2024, Judge Varholak recommended dismissal of all Plaintiff's claims without prejudice. ECF 70. In doing so, he found that Plaintiff's claim for hostile work environment failed because "Plaintiff has failed to plausibly plead that the alleged harassment was severe or pervasive." *Id.* a p. 7. None of the conduct alleged by Plaintiff was "severe enough to support a hostile work environment claim," and even viewing the most serious allegation, that of a co-worker grabbing her badge on her chest, as true, it was an isolated incident that was not "sufficient to

---

[3] Judge Varholak noted that Plaintiff also raised an additional claim for "sexual harassment/harassment." ECF 70 at n. 2 (citing ECF 33 at p. 3). Since the claims related to the same conduct and "hostile work environment is a type of sexual harassment under Title VII," Judge Varholak treated them as the same claim. *Id.*

3

create a hostile environment." *Id.* at p. 8 (citing *Brown v. LaFerry's LP Gas Co.*, No. CIV-16-321-JHP, 2017 WL 318822, at *4 (E.D. Okla. Jan. 23, 2017), *aff'd* 708 F. App'x 518 (10th Cir. 2017)) (additional citation omitted). Judge Varholak found that "Plaintiff fails to explain how any of these allegations—including the badge incident, the six-month pay disparity, or the difficult work assignments on April 10 and April 11, 2022—"created a workplace atmosphere permeated with discriminatory intimidation, ridicule, and insult." *Id.* at p. 9 (quoting *Juarez v. City & Cnty. of Denver*, No. 23-cv-00409-PAB-NRN, 2024 WL 1156610, at *11 (D. Colo. Mar. 15, 2024)) (internal quotations omitted). Similarly, Judge Varholak found that Plaintiff failed to allege claims for discrimination under Title VII or under 42 U.S.C. §1981. *Id.* at pp. 10-15. Finally, Judge Varholak found that Plaintiff's claim for retaliation also failed to allege an adverse action. *Id.* at p. 16.

On July 9, 2024, District Judge S. Kato Crews adopted Judge Varholak's Recommendation in full, dismissing Plaintiff's claims. Judge Crews found Judge Varholak's Recommendation to be "well-reasoned and a correct application of the facts and the law to the circumstances presented." ECF 72 at p. 4. Judge Crews also denied Plaintiff's claims without prejudice, allowing Plaintiff to file an amended complaint on or before July 30, 2024. *Id.*

On July 29, 2024, Plaintiff filed "Plaintiff's Amended Complaint for Employment Discrimination" [ECF 73], which this Court considers as the Second Amended Complaint (SAC).[4] Plaintiff now alleges four claims: (1) Sexual Harassment, (2) Hostile Work Environment, (3) Discrimination, and (4) Retaliation.[5] ECF 73 at p. 1. The factual scenario in the SAC mirrors the

---

[4] Plaintiff's pleadings consist of the original Complaint (ECF 2), the First Amended Complaint (FAC) (ECF 33), and the Second Amended Complaint (SAC) (ECF 73), as supplemented by ECF 84.

[5] Plaintiff also brings a claim for "Human Rights Commitment," discussed below.

4

FAC with very little additional information. Because Plaintiff failed to provide a redlined version of the Complaint as required by local rule,[6] Defendant outlines the minor factual changes made by Plaintiff in the SAC. ECF 88 at pp. 3-4. In the SAC, Plaintiff also refers to documents in the court record throughout the Factual Background section but does not explain how the documentation supports the claims. ECF 73 at pp. 2-5. Plaintiff subsequently filed an "Amended Request for Relief for Plaintiff [sic] Amended Complaint for Employment Discrimination," ECF 84, which provides additional information regarding the damages Plaintiff seeks but contains no factual support for the claims.[7]

On October 17, 2024, Defendant renewed its Motion to Dismiss. ECF 88. Defendant argues that dismissal with prejudice is appropriate because Plaintiff fails to allege a plausible claim of discrimination, harassment, or retaliation. *Id.* at p. 7. Defendant also argues that Plaintiff's claims should be dismissed with prejudice because the Court "may deny amendment where the Plaintiff has failed to 'cure deficiencies by amendments previously allowed,' or where amendment would be futile." *Id.* (citing *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). According to Defendant, amendment would be futile here. *Id.* ("Plaintiff's TAC has not cured the fatal deficiencies in her Amended Complaint, and there is no reason to believe that she could do so if permitted a fourth attempt.").

On October 21, 2024, Plaintiff responded. ECF 90. Plaintiff's Response fails to address Defendant's arguments. For example, instead of addressing Defendant's argument that Plaintiff

---

[6] The Court chooses not to strike the SAC for failure to provide a redline version of the new complaint as an exhibit. D.C.COLO.LCivR 15.1(a).

[7] In the Amended Request for Relief, for example, Plaintiff requests "compensatory and punitive damages" totaling "$115 Billion USD." ECF 84 at p. 5.

fails to state a plausible discrimination claim, ECF 88 at p. 11, Plaintiff responds that she is a member of a protected class, an element that does not appear to be in dispute. ECF 90 at p. 7. Additionally, Plaintiff attempts to support a claim under 42 U.S.C. § 1981 by inexplicably referencing "the defendant' [sic] settlement agreement for multiple violations under the NLRA or the Act; 29 U.S.C. §§151-169, during the time of the Plaintiff's employment." ECF 90 at p. 9.

Defendant then replied [ECF 91], and Plaintiff filed an additional "Response" [ECF 92] and "Opposition," [ECF 93], which the Court will classify as Sur-Replies.[8] The Court has reviewed both of Plaintiff's most recent filings and finds that neither document provides any additional, relevant information toward the Court's determination on the Defendant's Motion to Dismiss.

## ANALYSIS

### A.  Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal

---

[8] Defendant moves to strike both ECF 92 and ECF 93 as improper Sur-Replies. ECF 94. As discussed below, Plaintiff's two additional filings do not offer any information that would relate to the Motion to Dismiss. As a result, the Court intends to deny ECF 94 and will consider both documents.

theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110). Nor is it the Court's obligation to do litigants' legal research for them. *We Alliance Secured Income Fund, LLC v. Swan*, No. 23-cv-02992-SKC-MEH, 2024 WL 2863805, at *2 (D. Colo. Mar. 25, 2024).

### B. Hostile Work Environment

Plaintiff's first claim is for "Sexual Harassment" under both Title VII and 42 U.S.C. § 1981. Plaintiff states that her claims are based on her "gender, race, color, and national origin." ECF 73 at p. 8. "The elements of a hostile work environment claim are: (1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the harassment was based on the protected characteristic . . . ; and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Asebedo v. Kansas State Univ.*, 559 F. App'x 668, 670 (10th Cir. 2014) (citing *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1262-63 (10th Cir. 2005)). "To evaluate whether a working environment is sufficiently hostile or abusive, [the court] examine[s] all the circumstances, including (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *MacKenzie v. City and Cnty. of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005), abrogated on other grounds by *Lincoln v. BSNF Ry. Co.*, 900 F.3d 1166, (10th Cir. 2018)) (citation omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not constitute actionable conduct under Title VII. *Faragher v. City of Boca Raton*, 524 U.S.

7

775, 788 (1988) (quotation and citation omitted). "'[R]un-of-the mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim.'" *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (quoting *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012)). "Where 'none of the acts a plaintiff complains of, either considered alone or in combination, can be said to have altered the conditions of employment such that the atmosphere was abusive . . . dismissal for failure to state a claim is proper." *Pfannenstiel v. Kansas*, No. 5:21-cv-04006-HLT-ADM, 2022 WL 873674, at *12 (D. Kan. Mar. 24, 2022) (quoting *Chand v. Braithwaite*, No. 3:20-1578-MGL-PJG, 2020 WL 9209284, at *2 (D.S.C. 2020)).

Plaintiff alleges the following that could possibly support the hostile work environment claim:

(1) On "October 15, 2021, Lonnie Anderson, a male Caucasian co-worker, grabbed the plaintiff's badge located near her breast without consent, looked at the badge, let it go and walked away without speaking to her during her first day of training." ECF 73 at p. 2.

(2) The next day, Plaintiff reported "the badge incident" to a supervisor, but the incident "was never addressed, and no resolution was ever provided to the Plaintiff." *Id.*

(3) Also in October of 2021, Plaintiff "began to experience a pattern of pay issues causing multiple HR cases to be opened."[9] *Id.*

(4) In February of 2022, Plaintiff submitted requests for job transfers "which were declined without explanation." *Id.* at p. 3.

(5) In March of 2022, Plaintiff began to experience "unlawful employment practices resulting in opened HR Cases and Plaintiff contacting the Amazon Recruiting Team for "transfer opportunities." *Id.*

(6) On March 8, 2022, Plaintiff spoke to a Human Resources manager about an Indian American co-worker who was promoted before Plaintiff. *Id.* At that time, she reported "other discriminatory actions based on race, color, sex, and national origin." *Id.* The

---

[9] Plaintiff references those pay issues at ECF 54 at pp. 10-12.

      Human Resources manager informed Plaintiff that she would be receiving a raise after six months of employment (i.e., by mid-April). *Id.*

(7) In April of 2022, Plaintiff experienced an "escaladed [sic] hostile work environment." *Id.*

(8) On April 10, 2022, Plaintiff complained about a work assignment and management was "unwilling to accommodate Plaintiff's request for reassignment." *Id.* at p. 4.

(9) On April 11, 2022, when Plaintiff could not locate a radio for a job assignment, her manager informed her that she would be written up for "refus[ing] to take a radio." *Id.*

Plaintiff does not specifically reference any additional information from the record that would support a claim of sexual harassment.

      Focusing only on the fourth *Asebedo* factor, whether the alleged harassment was sufficiently severe or pervasive to constitute a hostile work environment, even taking the above allegations collectively to be true as the Court must do at this stage, Plaintiff fails to provide factual support for a plausible hostile work environment claim. None of the conclusory information added by Plaintiff in the SAC moves the needle past mere annoying behavior on behalf of her employer. The badge incident is isolated and not severe; Plaintiff describes her co-worker touching her name tag, not her body. And the additional information provided by Plaintiff is either conclusory or not indicative of discrimination. For example, without further explanation, Plaintiff references experiencing "pay issues[10] causing multiple HR cases to be opened." ECF 73 at p. 2. Plaintiff also notes that she "received an email with notice of Amazon's National Labor Relations settlement agreement." *Id.* Plaintiff also "received a letter of promotion for Ambassador and Plaintiff reached out to the Amazon Recruiting Team about transfer opportunities." *Id.* Plaintiff fails to demonstrate how these actions constitute sufficiently severe or pervasive harassment.

---

[10] The Court finds that this reference to "pay issues" is a conclusory statement and not indicative of a hostile work environment. Even considering the logistical payment issues Plaintiff faced, as described in ECF 54 at p. 10, nothing is indicative of a hostile work environment.

The new information provided by the Plaintiff does not cure the defects first identified by Judge Varholak. This Court comes to a similar conclusion: Plaintiff fails to state a plausible hostile work environment claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (Plaintiff may not rely on "the type of conclusory and formulaic recitations disregarded by the Court in *Iqbal*"). As a result, this Court recommends that Plaintiff's claim for Hostile Work Environment be denied. Because of the Court's ruling, it need not address Defendant's argument that the claim is not timely. ECF 88 at pp. 7-8.

### C. Discrimination

#### a) Title VII

Plaintiff also raises a claim of discrimination based on "race, color, sex, and national origin." ECF 73 at p. 17. "Plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Khalik*, 672 F.3d at 1192 (citing *Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011)). To establish a prima facie case of discrimination, a plaintiff must demonstrate: "(1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Id.* (citing *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998)). Plaintiff is not required to prove a prima facie case for each element, but "she is required to set forth plausible claims." *Id.* And "the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Id.* (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).

Judge Varholak reviewed the Plaintiff's allegations of discrimination: her co-worker receiving a higher wage, her employer's assignment to work a job she disliked, and the declination

10

of numerous job transfers, ECF 70 at pp. 12-13, all of which Judge Varholak was unable to infer, even assuming the facts to be true, to be on account of Plaintiff's race or sex. *Id.* Judge Varholak referenced "new allegations in Plaintiff's response brief,"[11] though, that "may indicate Plaintiff's desire to amend her Complaint." *Id.* at p. 14 (citing *Adams v. C3 Pipeline Constr. Inc.*, 30 F.4th 943, 971 (10th Cir. 2021)).

In the SAC, Plaintiff still does not plead sufficient information to solidify a discrimination claim, failing to add any substantive detail beyond what was alleged in the FAC. While there is a reference to ECF 54 in the SAC, there is no attempt to incorporate that information into the SAC. As a result, the primary factual allegation alleged to support her discrimination claim, once again, is that another employee, an Indian male, received a promotion, resulting in a 30-cent raise, that she did not receive. ECF 73 at p. 13.[12] When she discussed the issue with the HR manager, she was assured that "she would qualify for a raise at her six-month mark (April 2022)." *Id.* Plaintiff concedes that she, too, received a similar promotion shortly after her male co-worker. *Id.* at p. 3.

This Court, like Judge Varholak, cannot infer that the referenced employer actions constituted discrimination under Title VII. Since Plaintiff also received the promotion within a matter of months, her claim fails from the start. Even if a slight delay in promotion were to be a sufficient basis, Plaintiff fails to demonstrate that she was qualified for the promotion at the time that her co-worker received it. *See e.g., Simms v. Oklahoma ex rel. Dep't of Mental Health &*

---

[11] In her Response to the first Motion to Dismiss, Plaintiff alleges certain facts that she alleges constitute "disparate treatment," including that: 1) she received a "*Failed Direct Deposit* notification stating that her pay would be reissued via a live check" and 2) she sent a disability and leave request to the wrong department. ECF 54 at p. 10. None of these actions support a conclusion of discrimination.

[12] In the SAC, Plaintiff references ECF 54 and "supporting documents," but does not specify what information from those documents supports her claim.

*Substance Abuse Servs.*, 165 F.3d 1321, 1328 (10th Cir. 1999) abrogated on other grounds as recognized in *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1227 (10th Cir. 2014)). Plaintiff's other allegations are too conclusory to merit consideration. *See e.g.,* ECF 73 at p. 12 ("The Plaintiff began to experience unlawful employment practices, resulting in opened HR Cases and reaching out to Amazon Recruiting Team for transfer opportunities that were declined without explanation.").

Therefore, this Court recommends that Plaintiff's claim of discrimination under Title VII be dismissed.

### b) 42 U.S.C. § 1981

To prove a claim of race discrimination under Section 1981, a plaintiff must demonstrate: "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in §1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001) (citing *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1532 (10th Cir. 1995)). Section 1981 covers four areas of protected interests: "(1) the right to make and enforce contracts; (2) the right to sue, be parties, and give evidence; (3) the right to the full and equal benefit of the laws; and (4) the right to be subjected to like pains and punishments." *Phelps v. Wichita Eagle-Beacon*, 886 F.2d 1262, 1267 (10th Cir. 1989)).

This claim suffers from several deficiencies. First, there is no evidence of an intent to discriminate by Plaintiff's employer. "A plaintiff alleging discrimination . . . may prove intentional discrimination through either direct evidence of discrimination (e.g., oral or written statements on the part of a defendant showing a discriminatory motivation) or indirect (i.e., circumstantial) evidence of discrimination." *Kendrick v. Penske Transp. Services, Inc.*, 220 F.3d 1220, 1225 (10th

12

Cir. 2000) (citing *Shorter v. ICG Holdings, Inc*., 188 F.3d 1204, 1207 (10th Cir. 1999); *Elmore v. Capstan, Inc.,* 58 F.3d 525, 529 (10th Cir. 1995)). Plaintiff offers no direct evidence of discrimination. *See generally* ECF 73. And Plaintiff presents no logical connection between an adverse event (i.e., failure to be promoted) and her race to infer discriminatory intent. *See Kendrick*, 220 F.3d at 1227. Merely alleging that a co-worker was named employee of the month and another co-worker was promoted several months before she was promoted does not state a plausible claim.

Second, Judge Varholak noted in the FAC that Plaintiff failed to identify a protected interest covered by 42 U.S.C. § 1981. ECF 70 at p. 15 ("It is not clear from the face of the complaint which protected interest Plaintiff alleges that Defendant violated."). This issue remains in the SAC as Plaintiff again fails to identify a protected interest. *See generally* ECF 73. Plaintiff alludes to participating in "protected activity during her break," referencing Amazon's new policy on freedom of association and collective bargaining, ECF 73 at pp. 13-15, but the Court cannot discern a cognizable race discrimination claim based on the information provided.

And Plaintiff also fails to provide any legal support for her claim. *See generally* ECF 90. Plaintiff cites no case law, instead referencing (without providing) Amazon's CONFIDENTIALITY AND INVENTION ASSIGNMENT AGREEMENT as the basis for a breach of contract and adverse employment action. *Id.* at p. 9.

For these reasons, the Court recommends that the race discrimination claim under § 1981 be dismissed.

### D. Retaliation (Title VII or § 1981)

Plaintiff's next claim is one of retaliation under 42 U.S.C. § 1981. ECF 73 at p. 16. To

state a prima facie case of retaliation under Title VII or § 1981, Plaintiff must demonstrate: "(1) [s]he engaged in protected activity; (2) [s]he suffered an adverse employment action; and (3) there is a causal connection between [her] protected activity and the adverse employment action." *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168, 1170 (10th Cir. 2014) (citing *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011)).

Plaintiff's claim of retaliation is based on the "emotional distress and financial burdens" she faced as a result of her "communicating with a supervisor about harassment and discrimination." ECF 73 at p. 16. Plaintiff claims that the adverse action was when "Amazon was negligent to resolve the badge incident reported on Oct. 16, 2021, and HR Manager, Jaime Kern, was negligent to address the Plaintiff's concerns of wage discrimination mentioned on March 8, 2022 until April 15, 2022." ECF 73 at p. 17 (citing *Monson v. Rochester Athletic Club*, 759 N.W.2d 60 (Minn. Ct. App. 2009)).[13]

Plaintiff's claim fails to state a plausible claim of retaliation for several reasons. First, Plaintiff fails to specify the protected activity, i.e., the "harassment and discrimination" that were the subject of her complaints to her supervisor. *Pearson v. Kansas Dept. of Corr.*, No. 23-2288-DDC, 2024 WL 4948884, at *15 (D. Kan. Dec. 3, 2024) (citing *Anderson v. Academy Sch. Dist. 20*, 122 F.App'x 912, 916 (10th Cir. 2004) ("A 'vague reference to discrimination and harassment without any indication that this misconduct was motivated by [sex] (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim.'")). Second, Plaintiff fails to sufficiently allege that an adverse event occurred. Plaintiff's vague reference to her employer's failure to investigate and/or remedy a complaint do not constitute

---

[13] Plaintiff's citation to *Monson*, a Minnesota Court of Appeals decision, involves a disparate-treatment theory of discrimination under Minnesota state law. 759 N.W. 2d at 67.

adverse events. And finally, because the first two elements are insufficient, so is the third: Plaintiff also fails to plead any causal connection between the alleged protected activity and an adverse event.

As a result of these fatal flaws, this Court determines that the SAC does not state a plausible claim for retaliation and recommends dismissal of these claims.

### E. Remaining Claims

Plaintiff references a myriad of other claims under various statutes, without significant factual or support. For example, Plaintiff cites to the Colorado Equal Pay for Equal Work Act, C.R.S. §§ 8-5-101, et seq., but fails to demonstrate any support for such a claim. ECF 73 at p. 13. Similarly, Plaintiff cites to the Equal Pay Act (EPA)[14] of 1963, 29 U.S.C. § 206(d), but fails to demonstrate any support for a claim under that statute either.[15] Finally, Plaintiff references the United Nations Guiding Principles on Business and Human Rights, ECF 73 at pp. 19-20, but fails to demonstrate that a valid cause of action could stem from those principles. Fed. R. Civ. P. 8(a) simply does not allow such claims to survive.

As a result, the Court recommends that all causes of action referenced but not pled be dismissed.

### F. Dismissal with Prejudice

Having recommended dismissal of all claims from the SAC, the Court must now

---

[14] Plaintiff also references the "U.S. Equal Protection Agency" in error. ECF 73 at p. 15.

[15] For example, EPA claims require the plaintiff to "establish a prima facie case of discrimination by demonstrating that employees of the opposite sex were paid differently for performing substantially equal work." *Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1311 (10th Cir. 2006) (citing *Miller v. Auto. Club of N.M., Inc.*, 420 F.3d 1098, 1114 (10th Cir. 2005)).

determine whether to dismiss them with or without prejudice. Defendant urges the Court to dismiss Plaintiff's claims with prejudice because "Plaintiff has failed to 'cure deficiencies by amendments previously allowed.'" ECF 88 at p. 7 (citing *Duncan v. Manager, Dep't of Safety, City & Cnty of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). This Court agrees with Defendant and will recommend dismissal with prejudice of all Plaintiff's claims.

Judge Varholak issued a lengthy, well-reasoned Recommendation identifying the legal claims brought by Plaintiff and describing the elements of each claim. *See generally* ECF 70. Judge Varholak indicated where each claim was deficient in the FAC, recommending dismissal of those claims without prejudice to allow Plaintiff to refile them correctly. Essentially, Judge Varholak provided a road map for Plaintiff in drafting the SAC. Instead of following the road map and resolving the issues, Plaintiff has left gaping holes in the asserted claims. These are holes that the Court cannot, and will not, fill in. Plaintiff's attempt to expand the claims to include references to other unrelated statutes without factual or legal support is disconcerting. And Plaintiff's Responses at ECF 90, 92, and 93 are merely restatements of Plaintiff's prior factual and legal claims.

As a result, this Court believes that allowing Plaintiff to amend her complaint for a *fourth time* would be futile. This Court recommends that Plaintiff's claims be dismissed with prejudice and that this case be closed.

## CONCLUSION

Accordingly, this Court recommends[16] that Defendant's Motion to Dismiss [ECF 88] be **granted** and that all four of Plaintiff's claims be **dismissed with prejudice**.

---

[16] The Parties have **fourteen days from the date of this Recommendation** to file with the Clerk of Court written objections to findings of fact, legal conclusions, or recommendations that this Court proposes here. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla* (In re *Griego*), 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.

As a result of the Recommendation on ECF 88, the Court recommends that Defendant's First Motion to Strike [ECF 94] be **denied as moot**. This Court considered the information from the documents Plaintiff submitted at ECF 92 and 93 and determines that those documents do not alter the analysis on Defendant's Motion to Dismiss [ECF 88] in any way.

SO ORDERED.

---

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review). <u>Finally, all Parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>

DATED at Denver, Colorado, this 8th day of July, 2025.

BY THE COURT:

_____

Timothy P. O'Hara

United States Magistrate Judge