IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02675-SKC-TPO

BETTINA B. BEAVER,

    Plaintiff,

v.

AMAZON.COM SERVICES LLC,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
## RE: MOTION TO DISMISS (DKT. 88)

Now before the Court is the Recommendation (Dkt. 97) of Magistrate Judge Timothy P. O'Hara. The Recommendation suggests the undersigned grant Defendant Amazon.com Services LLC's Motion to Dismiss Plaintiff's [Second] Amended Complaint[1] (MTD) (Dkt. 88) and dismiss, with prejudice, Plaintiff Bettina B. Beaver's Second Amended Complaint (SAC) (Dkt. 73) because she fails to plead sufficient factual allegations that support each of the elements of her claims. Dkt. 97, p.16. As explained below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation.

---

[1] Defendant describes the operative complaint as Plaintiff's Third Amended Complaint, whereas Magistrate Judge O'Hara identifies it as the Second Amended Complaint. The Court adopts Judge O'Hara's nomenclature.

1

## BACKGROUND

This action centers around various claims brought by Plaintiff related to her employment by Defendant. *See generally* Dkt. 73. Construing her SAC liberally because she is a *pro se* party, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted), Judge O'Hara discerned the following claims from her Complaint: (1) a hostile work environment claim under both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 on the basis of her race, sex, color, and/or national origin; (2) race, color, sex and/or national origin discrimination under Title VII; (3) race discrimination under 42 U.S.C. § 1981; and (4) retaliation for reporting allegedly unlawful conduct. Dkt. 97, pp.5-15. He further noted, "Plaintiff references a myriad of other claims under various statutes, without significant factual or support." *Id.* at p.15. These inadequately developed additional claims include references to the Colorado Equal Pay for Equal Work Act, Colo. Rev. Stat. §§ 8-5-101, *et seq.*, the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and the United Nations Guiding Principles on Business and Human Rights. *Id.*

Defendant filed its MTD arguing all of Plaintiff's claims should be dismissed for failing to state any plausible claims, and it seeks dismissal with prejudice in light of the Court having already allowed Plaintiff to amend her Complaint multiple times. *Id.* at p.5. Plaintiff filed her Response (Dkt. 90), and Defendant filed its Reply (Dkt. 91). Judge O'Hara issued his Recommendation on July 8, 2025. Dkt. 97. To date, no party has filed any objections to the Recommendation.

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to the Recommendation for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). As stated previously, no party filed objections. As a result, they have waived *de novo* review of the Recommendations by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge O'Hara perceptively construes Plaintiff's claims liberally, identifies the elements of those claims, and explains why Plaintiff's SAC, as drafted, fails to allege sufficient factual

statements that support the elements of her claims. Dkt. 97, pp.5-15. He recommends dismissing all of her claims for failing to state a claim. *Id.* He further analyzes the history of this case and Plaintiff's prior unsuccessful attempts to amend her previously deficient complaints, ultimately finding any further amendment attempts would be futile because the Court had previously "provided a road map for Plaintiff in drafting the SAC." *Id.* at 14. "Instead of following the road map and resolving the issues, Plaintiff has left gaping holes in the asserted claims." *Id.* He thus recommends the MTD be granted, and Plaintiff's claims be dismissed with prejudice.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation and GRANTS the MTD. The Court FURTHER ORDERS:

1. Plaintiff's SAC (and the claims in it) are DISMISSED **WITH PREJUDICE** because further attempts at amendment would be futile;

2. Defendant's First Motion to Strike (Dkt. 94) is DENIED AS MOOT; and

3. The Clerk of Court is ORDERED to terminate this case.

DATED: July 25, 2025.

BY THE COURT:

_____
S. Kato Crews
United States District Judge